UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. MATLOCK,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN COUNTY, et al.,<br><br>    Defendants. | No. 1:19-cv-1368-NONE-JLT (PC)<br><br>ORDER REQUIRING PLAINTIFF TO RESPOND TO SCREENING ORDER WITHIN THIRTY (30) DAYS<br><br>(Doc. No. 23) |

Plaintiff Richard A. Matlock, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 1, 2020, the assigned magistrate judge issued a screening order finding that plaintiff's first amended complaint states a cognizable Fourteenth Amendment failure to protect claim against defendant John Does #1, #2, and #3,[1] and finding no other cognizable claims as pleaded. (Doc. No. 18 at 9.) The screening order explained that plaintiff now had three options: (1) he could notify the court that he wished to forego amendment and proceed only on the claims found to be cognizable by the screening order; (2) he could file a second amended complaint in an attempt to cure the noted defects in the claims not found to be cognizable by the screening order;

---

[1] Plaintiff alleges that he was viciously attacked by fellow inmates because he was believed by those inmates to be a child molester and that the guards responsible for his safety knew that his housing situation was unsafe yet failed to prevent the attack.

1

or (3) he could "stand on the first amended complaint as pleaded" in which case the magistrate judge would issue findings and recommendations recommending dismissal of the claims found not cognizable in the screening order and the question as to which, if any, of any of the claims he had asserted were cognizable would be decided by the undersigned. (*Id.*) The court granted plaintiff thirty days to file his response and warned plaintiff, "If plaintiff fails to comply with this order, the undersigned will recommend the action be dismissed for failure to obey a court order and failure to prosecute." (*Id.* at 9–10.)

Plaintiff moved for a forty-five-day extension of time to file his response, claiming to need more time to research the merit of filing an amended complaint. (Doc. No. 21.) This request was granted on December 7, 2020. (Doc. No. 22.) However, plaintiff failed to file anything by the revised deadline.

On March 3, 2021, the magistrate judge issued findings and recommendations, recommending that this action be dismissed without prejudice due to plaintiff's failure to comply with a court order and failure to prosecute. (Doc. No. 23.) The findings and recommendations were served on plaintiff and granted him fourteen days to file objections thereto. (*Id.*) The response period has passed, and plaintiff has not filed any objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. However, the court recognizes that the screening process can be somewhat confusing for some *pro se* litigants and that the three options afforded plaintiff are not necessarily always clear to *pro se* parties. The court reiterates here that if plaintiff wishes to proceed on the claim found to be cognizable by the magistrate judge's screening order, he must respond to the screening order's request in some fashion, either by electing to: proceed only on the claim found cognizable (in which case plaintiff will be granted a short period of time to identify the Doe defendants); file an amended complaint; or stand on the complaint as pleaded.

In an abundance of caution, given the seriousness of the allegations at issue, the court will afford plaintiff one more opportunity to make his election in this regard.

Accordingly, and for the reasons set forth above, plaintiff shall have thirty days to respond to the screening order by electing one of the three options explained there and herein.  If he fails to respond by the deadline, the court will rule on the pending findings and recommendations without further delay, which may result in the dismissal of this entire case.

IT IS SO ORDERED.

Dated:  **May 10, 2021**

UNITED STATES DISTRICT JUDGE