UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. MATLOCK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY, et al.,<br><br>　　　　Defendants. | No. 1:19-cv-1368-NONE-JLT (PC)<br><br>ORDER REQUIRING RESPONSE AND DENYING APPOINTMENT OF COUNSEL<br><br>(Doc. No. 25)<br><br>14-DAY DEADLINE |

On October 1, 2020, the Court issued a screening order finding that Plaintiff's first amended complaint states a cognizable Fourteenth Amendment failure to protect claim against John Does #1, #2, and #3, and finding no other cognizable claims as pleaded. (Doc. 18 at 8.) "The screening order explained that plaintiff now had three options: (1) he could notify the court that he wished to forego amendment and proceed only on the claims found to be cognizable by the screening order; (2) he could file a second amended complaint in an attempt to cure the noted defects in the claims not found to be cognizable by the screening order; or (3) he could "stand on the first amended complaint as pleaded" in which case the magistrate judge would issue findings and recommendations recommending dismissal of the claims found not cognizable in the screening order and the question as to which, if any, of any of the claims he had asserted were cognizable would be decided by the undersigned." (Doc. 24 at 1–2.)

///

After Plaintiff failed to respond to the screening order despite several extensions of time, the Court entered findings and recommendations recommending the dismissal of the action without prejudice for failure to comply with a court order and failure to prosecute. (Doc. 23.)

Thereafter, upon *de novo* review of the case, the Court found the findings and recommendations to be supported by the record and proper analysis. (Doc. 24 at 2.) However, "given the seriousness of the allegations," the court granted Plaintiff another opportunity to make an election on how he wishes to proceed with his claims. (*Id.*)

On May 24, 2021, Plaintiff file his response to the screening order indicating that he "would like to pursue with either option 1 or 3." (Doc. 25.) Therefore, Plaintiff does not wish to amend his complaint, but he must still make an election of one of the two remaining options: (1) Plaintiff notify the court that he wished to forego amendment and proceed only on the claims found to be cognizable by the screening order, in which case the Court will then recommend that his remaining claims be dismissed, and he will be granted a short period in which he must identify the Doe defendants; OR (3) he could "stand on the first amended complaint as pleaded" in which case the magistrate judge would issue findings and recommendations recommending dismissal of the claims found not cognizable in the screening order and the question as to which, if any, of any of the claims he had asserted were cognizable would be decided by a District Judge.

Plaintiff shall notify the Court, in writing, within 14 days, which option he chooses. Plaintiff is again advised that the Court cannot order service of a Doe defendant because the United States Marshal cannot serve an unknown individual. Therefore, before the Court orders the United States Marshal to serve a Doe defendant, plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. Plaintiff will be given an opportunity through discovery to identify the unknown Doe defendants. *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie v. Civiletti*, 629 E.2d 637, 642 (9th Cir. 1980)). Once the identity of a Doe defendant is ascertained, Plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted. Therefore, the Court will send Plaintiff the appropriate service documents at such time that plaintiff ascertains the identities of the Doe defendants. However, if

1 plaintiff fails to identify any Doe defendant during the course of the discovery, any Doe
2 Defendant will be dismissed from this action.

3 Plaintiff requests the appointment of counsel to represent him in this case. (Doc. 25.)
4 Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*,
5 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent
6 Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490
7 U.S. 296, 298 (1989). The Court may request the voluntary assistance of counsel under section
8 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and
9 compensating counsel, the Court will seek volunteer counsel only in the most serious and
10 exceptional cases. In determining whether exceptional circumstances exist, the district court must
11 evaluate both the likelihood of success of the merits and the ability of the plaintiff to articulate his
12 claims *pro se* in light of the complexity of the legal issues involved. Id.

13 In the present case, the Court does not find the required exceptional circumstances. Even
14 assuming that Plaintiff is not well-versed in the law and that he has made serious allegations
15 about his throat being cut, which, if proved, would entitle him to relief, his case is not
16 exceptional. This Court is regularly faced with cases involving inmate-on-inmate violence and
17 failure to protect claims. At this early stage in the proceedings, the Court cannot determine that
18 Plaintiff is likely to succeed on the merits. Moreover, based on a review of the record, the Court
19 finds that Plaintiff can articulate his claims adequately. Accordingly, it is ORDERED that:

20 1. The Court DENIES WITHOUT PREJUDICE Plaintiff's motion for the
21 appointment of counsel. (Doc. 25.)

22 2. Plaintiff shall notify the court, **within 14 days**, whether he wishes to proceed only
23 on the claims found to be cognizable by the screening order, OR that he wishes to stand on the
24 first amended complaint as pleaded.

25 ///
26 ///
27 ///
28 ///

**Failure to respond to this order may result in a recommendation of dismissal of the action for failure to obey a court order.**

IT IS SO ORDERED.

Dated: __**June 17, 2021**__              _____/s/ Jennifer L. Thurston_
                                             CHIEF UNITED STATES MAGISTRATE JUDGE