1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11     RICHARD A. MATLOCK,                        Case No. 1:19-cv-1368-NONE-JLT (PC)

12                     Plaintiff,                  **ORDER REQUIRING PLAINTIFF TO**
                                                   **FILE RESPONSE TO SCREENING**
13             v.                                  **ORDER**

14     KERN COUNTY, et al.,                        (Doc. 27)

15                     Defendants.                 **14-DAY DEADLINE**

16

17            On October 1, 2020, the Court found that Plaintiff's first amended complaint stated a

18     cognizable Fourteenth Amendment failure to protect claim against John Does #1, #2, and #3,

19     and found no other cognizable claims. (Doc. 18 at 8.) The Court ordered Plaintiff to file a

20     second amended complaint, notify the Court that he is willing to proceed only on the claim

21     found cognizable, or notify the Court that he wishes to stand on his first amended complaint.

22     (*Id.* at 9–10.) The Court cautioned: "If plaintiff fails to comply with this order, the undersigned

23     will recommend the action be dismissed for failure to obey a court order and failure to

24     prosecute." (Doc. 10.)

25            Plaintiff was transferred to a different facility. (Doc. 19, 20.) Upon motion by Plaintiff,

26     on December 7, 2020, the Court granted Plaintiff a 30-day extension of time to file his response.

27     (Doc. 22.) After Plaintiff failed to respond to the screening order, on March 3, 2021, the Court

28

1  entered findings and recommendations recommending the dismissal of the action without

2  prejudice for failure to comply with a court order and failure to prosecute. (Doc. 23.)

3       On May 10, 2021, upon *de novo* review of the case, the Court found the findings and

4  recommendations to be supported by the record and proper analysis. (Doc. 24 at 2.) However,

5  the Court granted Plaintiff another opportunity to make his election in response to the screening

6  order:

7       The court reiterates here that if plaintiff wishes to proceed on the claim found
        to be cognizable by the magistrate judge's screening order, he must respond to

8       the screening order's request in some fashion, either by electing to: proceed
        only on the claim found cognizable (in which case plaintiff will be granted a

9       short period of time to identify the Doe defendants); file an amended complaint;
        or stand on the complaint as pleaded.

10           In an abundance of caution, given the seriousness of the allegations at

11      issue, the court will afford plaintiff one more opportunity to make his election

12      in this regard.

13  (Doc. 24 at 2.) Plaintiff filed a response to the screening order by stating he would like to "like

14  to pursue with either option 1 or 3 of the letter received." (Doc. 25.)

15       The Court construed this response to indicate that Plaintiff does <u>not</u> wish to amend his

16  complaint, but he must still make an election of one of the two remaining options:

17       (1) Plaintiff must notify the court that he wishes to forego amendment

18  and proceed only on the claims found to be cognizable by the screening order,

19  in which case the Court will then recommend that his remaining claims be

20  dismissed, and he will be granted a short period in which he must identify the

21  Doe defendants; OR

22       (3) Plaintiff may "stand on the first amended complaint as pleaded" in

23  which case the magistrate judge would issue findings and recommendations

24  recommending dismissal of the claims found not cognizable in the screening

25  order and the question as to which, if any, of any of the claims he had asserted

26  were cognizable would be decided by a District Judge.

27       On June 17, 2021, this Court ordered Plaintiff to notify the Court, in writing, within

28  fourteen days, which option he chooses. (Doc. 26.) The Court further ordered Plaintiff to

identify the Doe defendants with enough information to locate the defendant for service of process. The Court granted Plaintiff an opportunity through discovery to identify the unknown Doe defendants. *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie v. Civiletti*, 629 E.2d 637, 642 (9th Cir. 1980)). The Court directed Plaintiff to file a motion to amend his complaint once he identified the Doe defendants so that service by the United States Marshal can be attempted. Therefore, the Court will send Plaintiff the appropriate service documents at such time that Plaintiff ascertains the identities of the Doe defendants. However, if Plaintiff fails to identify the Doe defendants during discovery, they will be dismissed.

The Court construes the instant motion as a motion for clarification. Insofar as Plaintiff requests "the Court to please explain to him what is or is not cognizable by the screening order," (Doc. 27), the Court restates: **"Plaintiff's first amended complaint states a cognizable Fourteenth Amendment failure to protect claim against John Does #1, #2, and #3. No other cognizable claims as pled."** (Doc. 18 at 8.) (emphasis added). Accordingly, the Court **ORDERS**:

1.     Plaintiff **shall** notify the court, **within 14 days**, (1) whether he wishes to proceed only on the claims found to be cognizable by the screening order, OR (2) that he wishes to stand on the first amended complaint as pleaded.

2.     Plaintiff **shall** identify the Doe defendants with enough information to locate the defendants for service of process.

**Failure to respond to this order by making an election will result in a recommendation of dismissal of the non-cognizable claims.**

IT IS SO ORDERED.

Dated:   **August 10, 2021**              **/s/ Jennifer L. Thurston**
                                         CHIEF UNITED STATES MAGISTRATE JUDGE