UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. MATLOCK,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN COUNTY, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01368-NONE-JLT (PC)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR SUBPOENA**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE CLAIMS**<br><br>(Doc. 29)<br><br>**14-DAY DEADLINE** |

    The Court screened the first amended complaint and found it stated a cognizable Fourteenth Amendment failure to protect claim against John Does #1, #2, and #3. (Doc. 18 at 8.) Plaintiff has now indicated his intent to proceed on the first amended complaint as screened. (Doc. 29.)

    Plaintiff has also filed a request to subpoena "the offender . . . the single Doe Defendant." The Court's authorization of a subpoena duces tecum requested by an inmate is subject to limitations. Because personal service of a subpoena duces tecum is required under Federal Rule of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12 2008); 28 U.S.C. § 1915(d). Limitations include

the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g., Davis v. Ramen*, No. 1:06–cv–01216–AWI–SKO PC, 2010 WL 1948560, *1 (E.D. Cal. May 10, 2010); *Williams v. Adams*, No. 1:05–cv–00124–AWI–SMS PC, 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Id.*

Plaintiff's allegations in the pleading are not sufficiently specific for the Court to issue a subpoena, and therefore, the request is denied without prejudice.

Accordingly, the Court **RECOMMENDS** that this action proceed on an Eighth Amendment claim against John Does #1–3, and that all other claims and defendants be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 30, 2021**          **/s/ Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE