UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. MATLOCK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DOE 1, et al.,<br><br>　　　　　　Defendants. | No. 1:19-cv-01368-NONE-BAK-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT DOE 3**<br><br>**14-DAY DEADLINE** |

　　　　Plaintiff Richard A. Matlock filed a first amended complaint alleging constitutional violations against three named defendants and three Doe defendants. (Doc. 17.) Upon screening the first amended complaint, the Court found that it stated a cognizable Fourteen Amendment failure to protect claim against the Doe defendants, but that it did not state cognizable claims against the three named defendants. (Doc. 18 at 8.) Therefore, the Court dismissed the claims against the named defendants. (Doc. 31.)

　　　　The Court granted Plaintiff ninety days to identify the Doe defendants and file a notice of substitution. (Doc. 32.) The Court advised, "If, within 90 days, plaintiff fails to file a notice of substitution that provides the actual name of John Does #1, #2, and #3, the Court will recommend dismissal of this action without prejudice." (*Id.*)

　　　　Plaintiff filed a timely notice of substitution, which identified John Doe defendant #1 as Sheriff Deputy Donny Youngblood and John Doe defendant #2 as Officer Woosley.[1] (Doc. 33.)

---

[1] By separate order, the Court has initiate service on Defendants Youngblood and Woosley.

Plaintiff stated that "John Doe Defendant #3 is unknown due to Kern County's refusal to release said information of an inmate to the Plaintiff being that he himself is also an inmate." (Doc. 33.) With respect to John Doe Defendant #3, Plaintiff adds: "Plaintiff requested this Court to subpoena this information from Kern County but was unsuccessful by this Court." (Doc. 33.) Plaintiff requested that the Court issue a subpoena for the third Doe defendant. (Doc. 29.) The Court found that "Plaintiff's allegations in the pleading are not sufficiently specific for the Court to issue a subpoena." (Doc. 30 at 2.) Plaintiff did not seek another subpoena.

This Court has previously advised that the United States Marshal cannot serve an unknown individual; therefore, Plaintiff must identify a Doe defendant with enough information to locate the defendant for service of process. (*See* Doc. 18 at 8.) The Court further advised: "[I]f plaintiff fails to identify any Doe defendant during the course of the discovery, any Doe Defendant will be dismissed from this action." (*Id.*) Because Plaintiff is unable to identify Doe #3, this defendant must be dismissed from this action.

Accordingly, the Court RECOMMENDS that the claim against Defendant Doe #3 be DISMISSED without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 13, 2022**            /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE