UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. MATLOCK, | Case No. 1:19-cv-01368-JLT-BAK(EPG) (PC) |
| Plaintiff, | ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS |
| v. | |
| DONNY YOUNGBLOOD, et al., | |
| Defendants. | |

Plaintiff Richard A. Matlock is a federal prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). On April 4, 2022, the Court issued an order requiring the parties to file scheduling and discovery statements. (ECF No. 46.) The parties have now filed their statements. (ECF Nos. 48, 49.)

The Court has reviewed this case and the parties' statements. In an effort to secure the just, speedy, and inexpensive disposition of this action,[1] the Court will direct that certain documents central to the dispute be produced promptly.[2]

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional

Accordingly, IT IS ORDERED that:

1. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the extent the parties have not already done so:[3]

    a. Plaintiff's CJIS records; Kern County Lerdo facility "red books" for October 2, 2017;[4]

    b. Any grievances filed by Plaintiff and any other documents regarding exhaustion of claims;

    c. Incident report regarding the incident alleged in the complaint;

    d. All of Plaintiff's medical records related to the incident;

    e. Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint.[5]

    f. Video recordings and photographs related to the incident(s) at issue in the complaint, including video recordings and photographs of Plaintiff taken following the incident(s), as part of the investigation into Defendant's use of force, and in relation to Plaintiff's grievance(s).[6]

    g. Applicable policies and procedures, if any, governing the housing of vulnerable inmates in protective custody and the institution's protection of inmates from attacks by other inmates.

---

information without a discovery request.").

[3] Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third party subpoena is required.

[4] Defendants indicate these documents are to be used at trial.

[5] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

The Court notes that Defendants only need to produce documents such as a Confidential Appeal Inquiry or a Use of Force Critique to the extent those documents contain witness statements related to the incident(s) alleged in the complaint and/or evidence related to the incident(s) alleged in the complaint that will not be provided to Plaintiff separately.

[6] If Plaintiff is not allowed possess, or is unable to play, video recording(s), defense counsel shall work with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view the video recording(s).

2

2. If any party obtains documents and/or other evidence described above later in the case from a third party, that party shall provide all other parties with copies of the documents and/or evidence within thirty days.

3. Parties do not need to produce documents or evidence that they have already produced.

4. Parties do not need to produce documents or evidence that were provided to them by the opposing party.

5. Parties may object to producing any of the above-listed documents and/or evidence. Objections shall be filed with the Court and served on all other parties within sixty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence). The objection should include the basis for not providing the documents and/or evidence. If Defendant(s) object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order. If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response. If any party files a response to an objection, the Court will issue a ruling on the objection.

IT IS SO ORDERED.

Dated: __**May 3, 2022**__                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE