UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. MATLOCK,<br><br>    Plaintiff,<br><br>v.<br><br>DONNY YOUNGBLOOD, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-01368-JLT-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND DISMISS CASE WITHOUT PREJUDICE<br><br>(Doc. 54)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Richard A. Matlock was a pretrial federal detainee proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Defendants Donny Youngblood and Officer Woosley have filed a motion for summary judgment ("MSJ") based on Plaintiff's failure to exhaust administrative remedies prior to filing his complaint. (Doc. 54). Plaintiff failed to file a response in opposition despite ample opportunity to do so.[1] For the following reasons, the Court recommends that summary judgment based on non-exhaustion be granted in Defendants' favor and the case dismissed without prejudice.

---

[1] Plaintiff filed a motion for a sixty-day extension of time to respond to Defendants' MSJ, which the Court granted. (Docs. 56, 57.) After Plaintiff failed to file a response, the Court issued an order to show cause why the Court should not deem Defendants' MSJ as unopposed and consider the motion without input from Plaintiff. (Doc. 60.) Plaintiff did not file a response to either the order to show cause or the MSJ. The docket does not indicate that either order was returned as undeliverable.

## I. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party may accomplish this by presenting evidence that negates an essential element of the non-moving party's case. *Id.* Alternatively, the movant can demonstrate that the non-moving party cannot produce evidence to support an essential element of his claim that must be proven at trial. *Id.*; Fed. R. Civ. P. 56(c)(1)(B). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

If the moving party meets this initial showing, the burden shifts to the non-moving party to establish "specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-moving party cannot simply rely on the pleadings and conclusory allegations in an affidavit. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when deciding a motion for summary judgment, the court must view any inferences drawn from the underlying facts in a light most favorable to the non-moving party. *Id.*

The Ninth Circuit has "held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (quoting *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)). While prisoners are relieved from strict compliance, they still must "identify or submit some competent evidence" to support their claims. *Id.* Plaintiff's verified complaint may serve as an affidavit in opposition to summary judgment if based on

2

personal knowledge and specific facts admissible in evidence. *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc).

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory, and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The PLRA requires "proper exhaustion," which means that "the prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88, 93. The rules that must be followed, in other words, "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system . . . , but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* The exhaustion requirement allows prison officials to have an opportunity to resolve disputes before the filing of a court action against them. *Id.* at 204.

The failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. *Id.* at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary

3

judgment, the defendant bears the initial burden of proving (1) the existence of an available administrative remedy, and (2) the plaintiff failed to exhaust that remedy. *Id.* at 1172. If the defendant makes this showing, the burden shifts to the prisoner to present evidence showing "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* (citation omitted). A prisoner may not file a complaint raising non-exhausted claims. *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

The ultimate burden of proof, however, remains with the defendant. *Albino*, 747 F.3d at 1172. "If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge." *Id.* at 1170. If the court finds that remedies were not available, the prisoner exhausted available remedies, or the failure to exhaust available remedies should be excused, the case proceeds to the merits. *Id.* at 1131.

## II.    UNDERLYING FACTS

### A.    Plaintiff's Allegations

On January 19, 2017, Plaintiff was arrested by the Department of Homeland Security for possession and distribution of materials involving sexual exploitation of minors. He was first transported to Fresno County Jail and was, for safety reasons, placed in a "drop-out" pod for a week, and then moved to housing for accused sex offenders apart from inmates in general population.

On September 27, 2017, Plaintiff was transported to the Lerdo Pretrial Facility in Bakersfield and held in segregation for one night. He was then moved to the Lerdo Maximum-Medium Facility. Staff listed his charges as "uscsexexploit," an abbreviation for United States Code Sexual Exploitation of a minor.

On October 1, 2017, he reported to MXD328 (pod 3, bed 28) as instructed by staff, where he was the only federal inmate, as designated by the color (blue) of his uniform. He was threatened by five men because he was a sex offender. Plaintiff informed a deputy, and he was re-assigned and escorted to MXD615. In that unit, one other person was a federal inmate and member of a prison gang. Plaintiff was playing cards with another inmate, when the gang

4

member approached Plaintiff from behind and sliced his throat with a razor. As the gang member walked away, he allegedly referenced Plaintiff's status as a sex offender. Plaintiff was taken to the medical clinic, where he received fifteen stitches to close the wound.

After federal sentencing, Plaintiff left the facility on December 27, 2017.

### B.     Statement of Undisputed Facts

In accordance with Local Rule 260(a), Defendants submitted a statement of undisputed facts in support of their MSJ. (Doc. 54-2.) Plaintiff failed to file a response in opposition to Defendants' motion; reproduce Defendants' statement of undisputed facts ("SUF") and deny those that are disputed; or file a statement of disputed facts. *See* L.R. 260(b); *see also* Fed. R. Civ. P. 56(c). Because Plaintiff failed to dispute Defendants' assertions of fact, the Court considers the Defendants' version of the facts undisputed. *See* Fed. R. Civ. P. 56(e)(3).

At the time of the incident, KCSO had a grievance policy and a grievance tracking policy in place. Plaintiff received and signed an acknowledgment regarding KCSO's grievance policy. The grievance tracking system indicates that Plaintiff did not submit a grievance in this matter.

### III.    DISCUSSION

In support of the MSJ, Defendants submit the declarations of Sgt. Justin Weigand, whose duties include supervision and oversight of the Compliance Section of KCSO's Detentions Bureau. The Compliance Section is responsible for policy, incident reviews, performance audits, and operation of the bureau's grievance tracking system. (Doc. 54-2 at ¶¶ 2, 3.) According to Sgt. Weigand, the Detention Bureau has a policy on inmate grievances and a policy on an inmate grievance tracking system. Therefore, Defendants have met their burden to demonstrate that administrative remedies were available at KCSO.

Sgt. Weigand further indicates that he reviewed all grievance records archived by the Compliance Section, and he determined that Plaintiff never filed a grievance. Thus, Defendants have met their initial burden to prove that Plaintiff failed to exhaust administrative remedies.

The burden then shifts to Plaintiff show that the administrative remedies were not available to him. On the second page of the amended complaint form, Plaintiff check-marked boxes indicating there is no appeal or remedy process at his institution; he did not file an appeal

or grievance concerning all of the facts in the complaint; and the process was not completed. (Doc. 17 at 2.) Plaintiff explained, "There is no administrative remedy available in the matter of this Civil Rights lawsuit." (*Id.*) However, these allegations, without any evidence to rebut the declaration of Sgt. Weigand, do not raise an issue of fact. More significantly, Plaintiff's failure to file a response renders Defendants' factual assertions and legal arguments unopposed.

Defendants have met their burden to prove the existence of available administrative remedies and the failure of Plaintiff to exhaust those remedies, and they are entitled to summary judgment.

## IV.   CONCLUSION

Defendants have demonstrated that there are no genuine issues of material fact to be tried and they are entitled to judgment as a matter of law.

Accordingly, it is hereby RECOMMENDED that:

1. The Court GRANT Defendants' motion for summary judgment for failure to exhaust administrative remedies (Doc. 54);
2. The case be dismissed without prejudice; and
3. The Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 10, 2023**

UNITED STATES MAGISTRATE JUDGE