1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**EASTERN DISTRICT OF CALIFORNIA**

9
10

| | |
|---|---|
| RICHARD A. MATLOCK, | Case No. 1:19-cv-01368-JLT-CDB (PC) |
| Plaintiff, | ORDER HOLDING FINDINGS AND RECOMMENDATIONS IN ABEYANCE; ALLOWING PLAINTIFF TO FILE SWORN DECLARATION |
| v. | |
| DONNY YOUNGBLOOD, *et al.*, | *Thirty Day Deadline* |
| Defendants. | |

11
12
13
14
15
16
17

        Richard A. Matlock filed this action under 42 U.S.C. § 1983, seeking to hold Defendants liable for failure to protect him from an assault by another inmate in violation of the Fourteenth Amendment. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

18
19
20
21

        Defendants filed a motion for summary judgment based on non-exhaustion of administrative remedies. (Doc. 54.) Plaintiff filed a motion for a sixty-day extension of time to respond, which the Court granted. (Docs. 56, 57.) After Plaintiff failed to file a timely response, the Court entered an order requiring Plaintiff to show cause why the Court should not deem the motion for summary judgment unopposed. (Doc. 60.) Plaintiff failed to respond to the order to show cause or file a response to the motion for summary judgment.

22
23
24
25
26
27

        The assigned magistrate judge entered findings and recommendations deeming

28

1    Defendants' motion for summary judgment unopposed and recommending the Court grant the

2    motion based on Plaintiff's failure to exhaust administrative remedies prior to filing the

3    complaint. (Doc. 64.) Specifically, the magistrate judge determined that Defendants met their

4    burden to show Plaintiff failed to utilize the inmate grievance procedures at the Kern County

5    Sheriff's Office and submit a grievance in this matter. (*Id.*)

6        Plaintiff filed objections to the magistrate judge's findings and recommendations. (Doc.

7    No. 65.) In his objections, Plaintiff admits he never filed an administrative complaint, but he

8    argues the administrative remedies were effectively unavailable to him. Upon his return to the

9    county jail from the medical facility, Plaintiff indicated that he wished to file a report about the

10   incident, but officers told him it "would be a waste of time" and denied him the paperwork. (*Id*.

11   at 1.) Plaintiff further argues that any effort to exhaust would have been futile, given that he was

12   transferred from County custody to a federal facility in a different state. (*Id*. at 2.)

13       The Court notes that the appropriate time to raise these arguments was in response to the

14   motion for summary judgment. The Court provided Plaintiff with ample opportunities to respond

15   to the motion for summary judgment, but Plaintiff failed to file a timely response, seek another

16   extension of time, or explain why he did not take advantage of opportunities to oppose the

17   motion. Given Plaintiff's failure to respond, the magistrate judge properly deemed the motion for

18   summary judgment to be opposed. It remains unclear why Plaintiff failed to timely file an

19   opposition, and Plaintiff is warned that he must be more diligent in the future.

20       Nonetheless, the information contained in the objections may be material to the

21   exhaustion analysis.  However, Plaintiff's objections are not signed under perjury, so do not

22   constitute evidence the Court can consider on summary judgment.  Therefore, the Court will hold

23   the findings and recommendations in abeyance and will allow Plaintiff an opportunity to

24   supplement the record with a sworn declaration. Accordingly, the Court **ORDERS**:

25       1.    The findings and recommendations filed on April 10, 2023, (Doc. 64), are **HELD**

26            **IN ABEYANCE**.

27       2.    Within **thirty days** of the date of this order, Plaintiff may supplement the record

28            with a declaration, sworn under the penalty of perjury, setting forth any facts of

2

1    which he is personally aware that he believes are relevant to the question of

2    whether administrative remedies were unavailable to him.

3    3.    If Plaintiff files a responsive declaration, Defendants may file a responsive

4    declaration or concise legal brief within **twenty-one days** of Plaintiff's response.

5    4.    If Plaintiff fails to file a declaration within the allotted thirty days, the Court will

6    rule on the Defendants' motion for summary judgment on the present record.

IT IS SO ORDERED.

Dated:   **June 19, 2023**

UNITED STATES DISTRICT JUDGE