UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. MATLOCK,<br><br>Plaintiff,<br><br>v.<br><br>DONNY YOUNGBLOOD, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-01368-JLT-CDB (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 54, 64)<br><br>ORDER REQUIRING PARTIES TO FILE JOINT SCHEDULING REPORT<br><br>30-DAY DEADLINE |

Richard A. Matlock filed this action under 42 U.S.C. § 1983, seeking to hold Defendants liable for failure to protect him from an assault by another inmate in violation of the Fourteenth Amendment. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

I.     PROCEDURAL HISTORY

On August 1, 2022, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. (Doc. 54.) Plaintiff failed to respond despite multiple opportunities to do so. On April 10, 2023, the assigned magistrate judge entered findings and recommendations deeming Defendants' motion for summary judgment unopposed and recommending the Court grant the motion. (Doc. 64.)

On May 4, 2023, Plaintiff filed objections to the magistrate judge's findings and

recommendations. (Doc. 65.) In his objections, Plaintiff admits he never filed an administrative complaint, but he argues the administrative remedies were effectively unavailable to him. (*Id.*) The Court determined the information contained in Plaintiff's objections may be material to the exhaustion analysis. (Doc. 66.) However, because the objections were not signed under perjury, they did not constitute evidence the Court could consider on summary judgment. Therefore, the Court held the findings and recommendations in abeyance and granted Plaintiff leave to supplement the record with a sworn declaration. The Court further granted Defendants leave to respond to any declaration filed by Plaintiff. (*Id.*)

Plaintiff timely filed a sworn declaration in opposition to Defendants' motion for summary judgment. (Doc. 67.) Plaintiff indicates he signed an acknowledgement of grievance procedure upon his arrival at Lerdo Max-Medium Facility. Following the attack by another inmate, Plaintiff requested an administrative remedy[1] from Deputy Woosely, who responded that someone should have already talked to Plaintiff. However, Woosely did not provide Plaintiff with the administrative remedy requested. (*Id.* at 2.) Plaintiff asserts he asked other deputies for I-200 grievance forms. (*Id.* at 3.) They also stated they would send someone to talk to Plaintiff about it, but none of these deputies or any other staff provided the I-200 forms. Thus, Plaintiff argues prison staff intentionally and deliberately thwarted Plaintiff's efforts through misrepresentations and making it physically impossible for Plaintiff to take advantage of the grievance process. *Id.*

Plaintiff further asserts the grievance process would not have prevented the attack anyway because the I-200 form states: "Grievable conditions of confinement may include, but are not limited to: Medical and or [sic] mental health care, classification action, disciplinary actions, food, clothing and bedding." (*Id.*) From this, Plaintiff believed that nothing in the form states he could "grieve after the fact of an assault," that there were no cameras monitoring the pods, and no staff was on the pod during the assault. Plaintiff also determined that the grievance policy could not have prevented the attack. (*Id.*)

In their response, Defendants argue Plaintiff's declaration is self-defeating and fails to

---

[1] The Court construes this reference to "administrative remedy" as a reference to the form(s) necessary to initiate and pursue an inmate grievance.

2

effectively oppose their motion for summary judgment. (Doc. 68 at 2.) Defendants maintain that the form's language (i.e., the form's indication that grievable conditions of confinement "include *but are not limited to*" certain subjects) undercuts Plaintiff's assertion of futility and does not raise a triable issue of fact to defeat summary judgment. (Doc. 67.) Defendants argue they have met their burden to show (1) the existence of an available remedy and (2) Plaintiff's failure to exhaust that remedy. (*Id.*) Therefore, the grievance process was available, and Plaintiff's submission of a grievance would not have been futile. Defendants argue: "It does not matter whether Plaintiff believes filling out the grievance form would have changed the situation, the requirement is that he simply fill out the form and let the administrative process finish, prior to filing a lawsuit." (*Id.*) However, Defendants do not address Plaintiff's allegation that he requested a grievance form from deputies and staff but was never provided one.

## II. DISCUSSION

The failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007). The defendant bears the burden of producing evidence that proves a failure to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant bears the initial burden of proving (1) the existence of an available administrative remedy, and (2) the plaintiff failed to exhaust that remedy. *Id.* at 1172. If the defendant makes this showing, the burden shifts to the prisoner to present "evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

A remedy is available if it "capable of use for the accomplishment of a purpose" or "is accessible or may be obtained." *Eaton v. Blewett*, 50 F.4th 1240, 1245 (9th Cir. 2022) (quoting *Ross v. Blake*, 578 U.S. 632, 642 (2016)). The Supreme Court has recognized three circumstances in which administrative remedies are effectively unavailable: (1) when the grievance system "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when the system is "so opaque that it becomes, practically speaking, incapable of use"; and (3) "when prison administrators thwart inmates from taking

advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. Where a prisoner does not have access to necessary forms to file a grievance and does not have the ability to complete them during the filing period, no remedy is available to exhaust. *Marella v. Terhune*, 568 F.3d 1024, 1026 (9th Cir. 2009); *Albino*, 747 F.3d at 1177 (concluding administrative remedy was unavailable where he repeatedly requested inmate complaint forms, but they were never provided, nor was the plaintiff informed he could simply write his complaint on a piece of paper); *Nunez v. Duncan,* 591 F.3d 1217, 1226 (9th Cir. 2010) (holding an inmate was excused from the exhaustion requirement where he was misinformed by the Warden about needing a Program Statement to exhaust administrative remedies, and inmate took reasonable and appropriate steps to obtain it).

Plaintiff has submitted his sworn statement indicating that he repeatedly asked for grievance forms to complain about the conditions of confinement, which allowed the violent attack to occur. He was repeatedly informed that someone would talk about his grievance and bring him the forms, but this never occurred. Under these circumstances, Plaintiff has met his burden to show the existing remedies were effectively unavailable. Defendants have not provided evidence to refute this testimony or, even, addressed this evidence in argument. Therefore, Defendant is not entitled to summary judgment based on non-exhaustion of administrative remedies.

### III.     JOINT SCHEDULING REPORT

The discovery and dispositive motion deadlines established by the Court's scheduling order of May 3, 2022, have lapsed. (Doc. 50.) The parties' previously filed scheduling and discovery statements indicate they are willing to participate in a settlement conference; Plaintiff has propounded requests for production of documents but received no responses from Defendants; and Defendants intend to file a motion for summary judgment based qualified immunity. (Docs. 48, 49.)

The parties are ordered to meet and confer and to file a joint scheduling report **within 30 days** from the date of service of this order. The parties' report shall include proposed dates for a settlement conference, discovery and dispositive motion deadlines, and proposed dates for

4

pretrial conference and trial. The parties may also report any other issues or matters they wish to bring to the Court's attention.

## IV. CONCLUSION

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Court **DECLINES TO ADOPT** the findings and recommendations filed on April 10, 2023, (Doc. 64).
2. Defendants' motion for summary judgment, (Doc. 54), is **DENIED**.
3. The parties shall meet and confer and file a joint scheduling report **within 30 days** from the date of service of this Order.
4. This case is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: __**August 29, 2023**__                                  _____
                                                                                   UNITED STATES DISTRICT JUDGE